***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between Plaintiff and Employer-Defendant.
3. National Benefits America was the carrier on the risk for Employer-Defendant.
4. Plaintiff's average weekly wage was $240.00 while he was in the employ of Employer-Defendant.
 ***********
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was assigned to work by Employer-Defendant at The Computer Store packaging computers and shipping them out for a period of approximately three weeks prior to the date of his alleged injury.
2. On May 23, 2001, Plaintiff may have noticed a bulge in his groin area. However, Plaintiff did testify that he could not really pinpoint May 23, 2001 as the date of the manifestation of the hernia.
3. Plaintiff did not report this problem to his employer on May 23, 2001.
4. Plaintiff did not work on May 24, 2001.
5. Plaintiff worked at the Computer Store on May 25 and May 26, 2001. Plaintiff did not report this problem to his employer either on May 25 or May 26, 2001.
6. On May 28, 2001, (a day on which Plaintiff did not work), Plaintiff presented to Wake Medical Emergency Services in Raleigh with a one day history of a left groin mass and pain with no fever, nausea or vomiting. Upon examination, Dr. Udekwu made a diagnosis of an incarcerated left inguinal hernia. Dr. Udekwu further noted that attempts to reduce the hernia in the emergency department were unsuccessful. As such, Plaintiff was admitted to the hospital and scheduled for surgery on May 29, 2001.
7. On May 29, 2001, a left direct inguinal hernia repair with mesh was performed by Dr. Udekwu on plaintiff without any noted complications.
8. On May 30, 2001, Plaintiff was discharged from Wake Medical Emergency Services and given a prescription for Percocet and Colace.
9. Plaintiff was returned to work effective June 4, 2001 on a full time basis with no heavy lifting greater than twenty pounds for a twelve-week period.
10. At the hearing in this matter, Plaintiff could not state when any pain first arose in the groin area where the bulge occurred.
11. Plaintiff testified that he had been sore for the duration of the three-week period that he was working.
12. Plaintiff failed to produce any evidence to establish what he was doing when any pain first arose.
13. Plaintiff testified that he was engaged in his normal job duties in the period of time before his hernia repair.
14. Plaintiff failed to produce any evidence to establish what day it was when any pain first arose.
15. Jody Stevens testified that once he was made aware of plaintiff's medical complaints, he called the supervisors at the locations that plaintiff was placed on the various dates at issue. Mr. Stevens learned plaintiff made no complaints to any of the supervisors on the days in question.
16. Plaintiff's medical records make no reference to a work related injury.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not suffer an injury by accident or specific incident while in the course and scope of employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
Plaintiff has failed to prove by the greater weight of the evidence that plaintiff is entitled to recover any workers' compensation benefits in this matter.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim for worker's compensation benefits must be under the law and is hereby DENIED.
2. Each side shall bear its own costs.
This the 6th day of December, 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER